[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS OF FACT BY FACT-FINDER
Pursuant to Practice Book 546B et. seq. and 434, the following findings of fact are respectfully submitted to the Court for review pursuant to 546J:
1. The parties hereto consented to fact-finding procedures and to the Fact-Finder.
2. The case was tried to the Fact-Finder on June 23, 1993, and was completed that same day with an agreement to file briefs no later than August 6, 1993.
3. Counsel for the parties complied with the time schedule and proposed findings, conclusions, and recommendations were filed on or before August 6, 1993.
4. The parties entered into a lease contract for the term of one (1) year from October 1, 1991 through October 1, 1992 to lease CT Page 10484 to the Defendants the premises known as 73 Village Street, Rockville, Connecticut. (Plaintiff's Exhibit A).
5. The Defendants, Robert and Toni Alger, and their infant son, Justin Alger, moved into the premises on or before October 5, 1991 shortly after executing the lease agreement.
6. During October, 1991, Defendant, Toni Alger, was eight (8) months pregnant
7. On or about October 5, 1991, the infant son, Justin Alger, showed evidence of insect bites. (Defendants' Exhibit 3).
8. On or about October 5, 1991, the Defendants' notified the Plaintiffs of Justin's condition, and also showed the Plaintiffs fleas that had been captured in a plastic bag.
9. The Defendants and their son Justin moved out of the apartment temporarily to allow the Plaintiffs to apply an insect killing bomb on the premises.
10. On October 8, 1991, the Defendants brought their son, Justin, to Dr. Steven Kaplan who observed a rash that was later diagnosed as caused by insect bites. (Defendants' Exhibit 1).
11. The Defendants and their son, Justin, moved back into the premises, and on or about October 19, 1991 more insect bites appeared on Justin.
12. The Plaintiff-landlords were notified and they attempted to apply an insect killing bomb to the premises a second time.
13. The Plaintiff-landlords did not hire a professional exterminator, but rather, on both occasions in early October and on or about October 20, 1991, applied the insect killing bombs themselves.
14. The Defendants brought their son, Justin, to see a specialist in dermatology, Dr. Robert Greenberg, who examined Justin and found evidence of insect bites on his lower legs, neck and upper extremities. (Plaintiffs' Exhibit H).
15. The Defendants and their son, Justin, did not return to the premises after a second bomb application by the Plaintiffs, but rather moved temporarily in with the maternal grandmother, namely, CT Page 10485 Paulette Lamoureaux of Manchester, Connecticut.
16. The grandmother, Paulette Lamoureaux, testified that there were sores and bites on the body of Justin Alger when he arrived at her house.
17. The Plaintiffs have claimed that the Defendants moved from the premises in breach of the lease agreement, and thereby caused damage to the Plaintiff-landlords for two (2) months of unpaid rent as well as advertising costs, oil costs, utility costs, and hardwood floor repair costs.
18. The Defendants, on their part, counterclaim and say that they had just cause to terminate the lease pursuant to the provisions in CGS 47a-7 and 47a-12, as well as their inability to have the use and enjoyment of the leased premises because of the insects
19. The Defendants also claim damages for the medical bills expended on behalf of their son, Justin (Defendants' Exhibit 2), and damages for the pain and suffering and future scarring of their son, Justin.
20. Furthermore, the Defendant, Toni Alger, makes a claim for pain and suffering as a result of her concern for her son, Justin and her unborn child.
21. Although a motion was made by the Defendants to join their son Justin as an additional party, this motion was never acted upon by the Court, and Justin was never made a party, and consequently it is found that Justin is not a party to this case and is therefore not entitled to any damages.
22. It is further found that the premises were not in a fit and habitable condition for the tenants during October, 1991 and, therefore, pursuant to 47-a-12, the lease agreement would terminate on the final day of October, 1991.
23. It is further found that the presence of the insects would materially affect the health and safety of an infant child and a Defendant-tenant who was eight (8) months pregnant and, therefore, the Defendants were unable to have fair use and enjoyment of the premises.
24. It is further found that although the Plaintiff-landlords CT Page 10486 took steps to remove the insects from the premises they were unsuccessful in their attempts and thereby the nine (9) day provision of 47a-12 would be invoked and is further evidence that the Defendants were unable to have fair use and enjoyment of the premises.
25. It is further found that there was no evidence that the Plaintiffs in any way caused the presence of the insects, and, therefore, it is found that the Defendants are not entitled under either tort or contract to recover any damages from the Plaintiffs for medical bills expended for the treatment of their son Justin, nor for any alleged pain and suffering of the Defendants.
26. It is further found that the Plaintiffs offered insufficient or no evidence to support a damage claim for oil bills, utility bills and floor repair in that there was no evidence to show that any of these losses were caused during October, 1991 by the Defendant-tenants. (Defendants' Exhibits 4 and 5; Plaintiffs' Exhibits C, D, E, F and G).
27. It is found, therefore, that the Plaintiffs are not entitled to collect any damages from the Defendants as a result of the lease agreement because the evidence showed a material noncompliance by the Plaintiffs with the rental agreement, as well as non-compliance with 47a-7, and a denial to the Defendant of fair use and enjoyment of the premises.
28. It is also found that the Defendants are not entitled to collect any damages from the Plaintiffs because there was no showing that the Plaintiffs in any way caused the presence of the insects on the premises, nor is there any evidence that the Plaintiffs did not act properly once the insects were discovered.
29. The Fact-Finder, therefore, requests that the Court render Judgment for the Defendants on the Complaint and for the Plaintiffs on the Defendants' Counterclaim in accordance with the above Finding of Facts pursuant to Practice Book 546J.
Dated at West Hartford, Connecticut this 1st day of December, 1993.
By: John F. McKenna, Esq., Fact-Finder CT Page 10487